Judge Hellerstein

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIGINAL

- - - - - - - - - - - - - - - - - - x
                               :

UNITED STATES OF AMERICA      :

     - v. -                   :   **INDICTMENT**

FUYI SUN,                     :   **16 CRIM 404**
   a/k/a "Frank,"          :

         Defendant.    :

- - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 0 9 2016

### INTRODUCTORY ALLEGATIONS

#### Relevant Legal Provisions

    1.    Pursuant to the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701 - 1707, the President of the United States has the authority to deal with unusual and extraordinary threats to the national security, foreign policy and economy of the United States. Under IEEPA, the President may declare a national emergency through Executive Orders that had the full force and effect of law.

    2.    IEEPA also empowers the U.S. Department of Commerce ("DOC") to issue regulations governing exports. Initially, the Export Administration Act ("EAA"), 50 App. U.S.C. §§ 2401-2420, regulated the export of goods, technology, and software from the United States. Pursuant to the provisions of the EAA, the DOC promulgated the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730-774, which contain additional restrictions on the export of goods outside of the United States, consistent with the policies and

provisions of the EAA. *See* 15 C.F.R. § 730.02. Although the EAA lapsed on August 17, 2001, pursuant to the authority provided to the President under IEEPA, the President issued Executive Order 13222, which declared a national emergency with respect to the unusual and extraordinary threat to the national security, foreign policy, and economy of the United States in light of the expiration of the EAA. Accordingly, pursuant to IEEPA, the President ordered that the EAR's provisions remain in full force and effect despite the expiration of the EAA. Presidents have issued annual Executive Notices extending the national emergency declared in Executive Order 13222 from the time period covered by that Executive Order through the present. *See, e.g.*, 80 Fed. Reg. 48233 (Aug. 11, 2015). Under IEEPA, it is a crime to willfully violate any regulation promulgated thereunder, including the EAR. *See* 50 U.S.C. § 1705.

3.  Pursuant to its authority derived from IEEPA, the DOC reviewed and controlled the export of certain goods and technology from the United States to foreign countries. In particular, the DOC placed restrictions on the export of goods and technology that it determined could make a significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States. Under IEEPA and the EAR, it is a crime to willfully export, or attempt or conspire to export, from the United States any item listed on the Commerce

Control List ("CCL") requiring an export license without first obtaining an export license from the DOC. See 50 U.S.C. § 1705(c); 15 C.F.R. § 764.2.

4. On or about November 5, 2015, the DOC issued a certified license determination declaring that, at times relevant to this Indictment, Toray type M60JB-3000-50B carbon fiber was designated on the CCL at Export Control Classification Number 1C210.A, and was controlled for export from the United States for nuclear non-proliferation and anti-terrorism reasons. Toray type M60JB-3000-50B carbon fiber is a high-grade carbon fiber, and is used primarily in aerospace and military applications, including in the production of unmanned aerial vehicles (commonly known as "drones") and in other government defense applications.

## COUNT ONE

(International Emergency Economic Powers Act)

The Grand Jury charges:

5. From at least in or about April 2011 through on or about April 13, 2016, in the Southern District of New York and elsewhere, FUYI SUN, a/k/a "Frank," the defendant, and others known and unknown, knowingly and willfully attempted to export and cause to be exported from the United States to China Toray type M60JB-3000-50B carbon fiber, without having first obtained the required licenses from the United States Department of Commerce, in violation of Title 50,

facilitate the transportation, concealment, and sale of such merchandise, article and object, prior to exportation, knowing the same to be intended for exportation contrary to any law and regulation of the United States, to wit, SUN attempted to export from the United States to China Toray type M60JB-3000-50B carbon fiber without first having obtained the required licenses from the United States Department of Commerce, in violation of Title 50, United States Code, Sections 1702 and 1705.

(Title 18, United States Code, Section 554.)

## FORFEITURE ALLEGATION

8. As the result of committing the offenses alleged in Counts One through Three of this Indictment, FUYI SUN, a/k/a "Frank," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, which constitutes or is derived from proceeds traceable to the offenses charged in Counts One through Three.

## SUBSTITUTE ASSET PROVISION

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

5

  (3) has been placed beyond the jurisdiction of the Court;

  (4) has been substantially diminished in value; or

  (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c).)

_____ 6/9/16
FOREPERSON

_____ JPC
PREET BHARARA
United States Attorney

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

FUYI SUN,
a/k/a "Frank,"

Defendant.

INDICTMENT

16 Cr.

(18 U.S.C. § 554;
50 U.S.C. §§ 1702 and 1705.)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

Foreperson.

6/9/16 - Filed Indictment
AK   Case assignment to J Hellerstein
     J Fox
     USMJ